

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES; NATIVE ECOSYSTEMS COUNCIL; and WESTERN WATERSHEDS PROJECT,<br><br>Plaintiffs,<br><br>vs.<br><br>RYAN ZINKE, as Secretary of the Department of the Interior; GREG SHEEHAN, as acting director of the U.S. Fish and Wildlife Service; and HILARY COOLEY, Grizzly Bear Recovery Coordinator,<br><br>Federal-Defendants,<br><br>and<br><br>STATE OF WYOMING,<br><br>Defendant-Intervenor. | CV 17–123–M–DLC<br><br>ORDER |

The State of Wyoming has filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). Plaintiffs and Defendants have stated that they take no position on the motion.

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden

of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. US. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *DBSI/TRJ IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This

case is in its earliest stages, and there is no indication that allowing Wyoming to intervene will prejudice the existing parties. Wyoming moved to intervene without delay, and its motion is thus timely. As detailed in its supporting brief, Wyoming has significant protectable interests that may be impaired as a result of this litigation, which challenges the Federal Defendants' decision to remove the Greater Yellowstone Ecosystem grizzly bear from the list of threatened and endangered species. Finally, Wyoming has shown that the Federal Defendants cannot adequately represent its interests in this action. Because Wyoming satisfies the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that the State of Wyoming's motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) (Doc. 3) is GRANTED.

DATED this 3rd day of November, 2017.

Dana L. Christensen, Chief Judge
United States District Court